UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-117-TAV-HBG |
| | ) | |
| LESTER ALLEN BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

This criminal case is before the Court on the defendant's Motion *in Limine* to Preclude Introduction of Recordings [Doc. 36]. The defendant moves the Court to exclude three jailhouse telephone call recordings that the government has stated it will seek to admit at trial, specifically, two recordings on September 8, 2013, and one recording on September 10, 2013 [Doc. 39 p. 2]. In support of the motion, the defendant submits that the recordings are inadmissible under the Confrontation Clause and Hearsay rules, and even if not barred on those grounds, are irrelevant and inadmissible propensity evidence, or at least substantially more prejudicial than probative. The government responds that the recordings are not barred by the Confrontation Clause or Hearsay rules, and that they present admissible direct evidence, or in the alternative, are admissible under Rule 404(b) of the Federal Rules of Evidence [Doc. 39].

The Court has reviewed transcripts of the recordings [Docs. 39-1, 39-2, and 39-3] and listened to copies of the recordings provided by the government. The Court has also considered the arguments raised by the parties in their motion papers and orally at the Final Pretrial Conference. For the reasons that follow, the Court will grant in part and deny in part the defendant's motion. The government will be permitted to introduce portions of the recordings having to do with the defendant's statements regarding the apparent distribution of pills. The government will be precluded from introducing the remainder of the defendant's statements, including his statements about hidden money and firearms, removal of money from the residence and the use to which it might be put, and his opinions regarding firearms and the charges against him. The Court will give a limiting instruction regarding the defendant's Hearsay and Rule 404(b) objections.

## I. Facts

The defendant is charged with six counts stemming from alleged crimes he committed in March 2013: three counts of distribution of oxycodone, one count of possession of oxycodone with intent to distribute, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm [Doc. 1]. A search warrant of the defendant's residence was executed on March 22, 2013, and the government alleges that firearms, money, and pills were seized during the search [Doc. 39 p. 5]. The defendant was arrested and made an initial appearance in this Court on September 6, 2013 [Doc. 2, Doc. 39 p. 1]. He was detained in the Blount

County Jail until September 13, 2013, when he was released on conditions [Doc. 12, Doc. 39 p. 2].

The government submits that the two recordings on September 8, 2013, provide evidence of the defendant instructing his friend "Susan" to distribute pills to various people, remove drug proceeds from his residence, and remove a hidden firearm [Doc. 39 p. 2]. The government submits that the recording on September 10, 2013, provides evidence of the defendant discussing with his daughter, Danielle Barnes, what Susan was supposed to do with his drug proceeds and made statements regarding firearms seized from his residence during the execution of the search warrant on March 22, 2013 [Doc. 39 p. 2]. The defendant responded in the Final Pretrial Conference that these statements and their corresponding context are confusing and unclear, especially with respect to the alleged mention of a hidden firearm, and they should not be admitted.

## II.    Analysis

### A.    Confrontation Clause and Hearsay Objections

As a threshold issue, the Confrontation Clause of the Sixth Amendment prohibits the introduction of testimonial statements against the defendant unless the defendant has an opportunity to cross-examine the declarant in court, or the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68–69 (2004). A statement is "testimonial" if it is "made in circumstances in which a reasonable person would realize that it likely would be used in investigation or prosecution of a crime." *United States v. Hadley*, 431 F.3d 484, 500 (6th

Cir. 2005) (quoting *United States v. Cromer*, 389 F.3d 662, 673–74 (6th Cir. 2004). Thus, a "formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51. Furthermore, the Confrontation Clause does not bar testimonial statements used for purposes other than asserting the truth of the matter asserted. *See Crawford*, 541 U.S. at 59 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

In this case, the recordings are of conversations between the defendant and his acquaintances. Although there is a warning that the calls may be recorded, the nature of the conversation is that of a casual interaction among people who already know each other. There is no apparent contemplation that the remarks could or would be used in a prosecution, nor do the parties appear to have such intent. Thus, the remarks are not testimonial. Even if the remarks were testimonial, the remarks of the other conversants would not be admitted to show the truth of the matter asserted, but rather, for context and to show the effect of the remarks on the defendant, as discussed below. Therefore, the other conversants' remarks would not raise Confrontation Clause issues. Regarding the defendant's statements, it would be incongruent with the purposes of the Confrontation Clause to hold that the defendant has a right not to have his own remarks used against him in court.

Additionally, the recordings are not barred by the Hearsay rules. Fed. R. Evid. Art. VIII. Hearsay is a statement made by a declarant while not testifying at the current trial or hearing that is offered in evidence to prove the truth of the matter asserted. Fed.

R. Evid. 801(c).  The government has submitted that it is only offering the statements of the other conversants to provide context for the defendant's statements, and not for the truth of the matter asserted.  Accordingly, those statements are not hearsay when admitted for that limited purpose, and the Court will provide an appropriate limiting instruction.  Statements offered against a party that have been made by that party are not hearsay.  Fed. R. Evid. 801(d)(2).  Thus, the defendant's statements in the recordings, when offered by the government, are not hearsay.

### B.    Relevance Objections

Evidence is admissible if it has "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence that is otherwise relevant may be excluded, however, if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Additionally, otherwise relevant extrinsic evidence of a "crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).

5

### 1. Direct Relevance

In this case, the government argues that the recordings are directly relevant, and therefore do not implicate Rule 404(b), because they present evidence of activity that is "reasonably near" the charged offenses in Count 4 (possession with intent to distribute) and Count 6 (felon in possession of a firearm), and because the evidence is "inextricably intertwined" with those charged offenses.

In support of the proposition that the evidence is relevant because it is "reasonably near" the charged offenses, the government cites a line of cases having to do with constructive amendments of indictments, such as *United States v. Benson*, 591 F.3d 491, 497–98 (6th Cir. 2010). These cases have limited applicability to the question of relevance presented here, however, because they address whether a defendant's substantive rights have been violated by a constructive amendment to an indictment during the course of trial. *See id.* A constructive amendment arises when "the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify the essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *Id.* at 497 (quoting *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007). Thus, these cases seek to determine the point at which evidence that does not directly bear on the charges goes so far outside the bounds of the indictment that it works an amendment and violates the constitution. Here, the Court is concerned with ensuring that the evidence does not vary from the charges in the first instance.

6

The government also argues that the evidence in the recordings is directly relevant because it is "inextricably intertwined with the charged offense . . . the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Acts are "inextricably intertwined" with the charged offense when those acts are "intrinsic" to the offense. *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *see also United States v. Chalmers*, 554 F. App'x 440, 444, 450–51 (6th Cir. 2014). Consequently, they are not subject to Rule 404(b), which on its terms only covers "extrinsic" evidence. *Chalmers*, 554 Fed. App'x at 450; *Barnes*, 49 F.3d at 1149. Intrinsic acts are "those that are part of a single criminal episode" or "part of a continuing pattern of illegal activity," whereas extrinsic acts are those that "occurred at different times and under different circumstances from the offense charged." *Barnes*, 49 F.3d at 1149.

The Sixth Circuit has recently criticized the use of "an expansive, 'completes the story' definition of intrinsic or background evidence," focusing instead on "the close temporal, spatial, and causal proximity" of the acts in question. *Chalmers*, 554 Fed. App'x at 451 (finding that drug deals that took place in the two weeks *prior* to a charged offense of drug distribution were intrinsic acts). The Seventh Circuit has similarly criticized an expansive definition of intrinsic evidence, holding that an uncharged *subsequent* act of drug distribution should be considered extrinsic to a charged prior act of drug distribution, and therefore subject to Rule 404(b). *United States v. Conner*, 583 F.3d 1011, 1019–1022 (7th Cir. 2009). As the Seventh Circuit explained, "it was

7

unnecessary for the jury to consider the January 10 sale to understand the events of December 20. Without this evidence, 'it would not have occurred to [the jurors] that they were missing anything or have made any of the other evidence in the case unintelligible.'" *Id.* (citing *United States v. Paladino*, 401 F.3d 471, 475 (7th Cir. 2005)).

Here, the recordings describe activity that took place in September 2013, almost six months after the offenses charged in the indictment. The charges of distribution and possession with intent to distribute, and possession of firearms, are not alleged to be connected to a conspiracy. Presumably, the government seized the pills and firearms that form the basis of the March 2013 charges when it executed its search warrant on March 22, 2013. In keeping with the Sixth Circuit's recent guidance to focus on "the close temporal, spatial, and causal proximity" of the acts in question for the purpose of determining whether acts are intrinsic or extrinsic evidence, the Court finds that the defendant's statements in September 2013 are extrinsic to the charged offenses and are subject to Rule 404(b).

### 2. Admissibility of Extrinsic Crimes, Wrongs, or Other Acts Under Rule 404(b)

When a party seeks to introduce relevant extrinsic evidence of a person's crimes, wrongs, or other acts, the court determines admissibility under Role 404(b) based on a three-part test: (1) whether sufficient evidence exists that the other act took place; (2) whether the evidence is admissible for a proper purpose under Rule 404(b); and (3)

whether the probative value of the other-acts evidence is not substantially outweighed by its unfairly prejudicial effect. *United States v. Ayoub*, 498 F.3d 532, 547 (6th Cir. 2007).

First, sufficient evidence exists that the acts in question took place. The defendant's conversations were recorded, and there is no dispute that he is the one who was recorded. A reasonable trier of fact could take what the defendant said for the truth of the matter asserted, and the jury will be instructed that only his statements can be taken for the truth of the matter asserted.

Second, the recordings of the defendant's statements regarding the apparent distribution of pills are admissible for a proper purpose under Rule 404(b) because they are probative of the defendant's intent to distribute the drugs he is alleged to have possessed on March 22, 2013. Because the Court will find that the other statements are inadmissible under Rule 403, the Court does not determine whether they would be admissible for a proper purpose under Rule 404(b).

Regarding the statements about distributing pills, the Sixth Circuit has "repeatedly recognized that prior drug-distribution evidence is admissible to show intent to distribute." *Ayoub*, 498 F.3d at 548 (citing *United States v. Jenkins*, 345 F.3d 928, 938 (6th Cir. 2003) (collecting cases)). In order to be probative of a defendant's intent to possess and distribute drugs under Rule 404(b), the evidence of other acts must be part of the same scheme to distribute drugs or involve a similar *modus operandi*. *United States v. Bell*, 516 F.3d 432, 443–44 (6th Cir. 2008). Evidence of prior distribution unconnected to the present charge is not probative of possession with intent to distribute. *Id.* Rule

9

404(b) is not limited to prior acts; subsequent acts are also admissible. *United States v. Perry*, 438 F.3d 642, 648–49 (6th Cir. 2006).

Here, a reasonable trier of fact could interpret portions of the defendant's statements to mean that he was asking conversants who were not in jail to distribute pills to third parties in the defendant's absence. The defendant's statements, if viewed in the light most favorable to the government, suggest that in September 2013, he had pills in his residence that he would distribute to other people. This activity in September 2013 would therefore be similar to the charged activity, which is that he possessed with intent to distribute the pills that were seized from his residence on March 22, 2013 [Doc. 39 p. 5]. Indeed, the distribution of pills out of the defendant's residence in September 2013 would evince a similar *modus operandi* to the charged activity. Therefore, in accordance with Sixth Circuit precedent, the defendant's statements regarding the apparent distribution of pills are probative of his intent to distribute the pills he allegedly possessed on March 22, 2013.

Turning to the third prong of the Rule 404(b) test, the statements regarding the apparent distribution of pills are not substantially more prejudicial than probative, but the other statements—assuming without deciding that they are admissible for a proper purpose—do not survive a Rule 403 analysis. The third prong of the Rule 404(b) test exists because "prior acts evidence carries with it such a high risk of confusion and misuse that there is a heightened need for the careful application of the principles set out in Rule 403." *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994). Use of a

limiting instruction can mitigate the danger of unfair prejudice. *Ayoub*, 498 F.3d at 548.

Indeed, the Sixth Circuit has cited with approval a district court's use of the following

limiting instruction regarding Rule 404(b) evidence:

> You also heard testimony of other uncharged acts of the defendant, other than those that are actually charged in the indictment. You may consider this other testimony only as it relates to the defendant's identity, plan, or intent to commit the charged crime. You may not use the testimony of the other uncharged acts, if you believe it, as evidence of the character of the defendant or his propensity to commit the charged crime in this case. In other words, just because someone did something once doesn't mean they are going to do it again, if you even believe the first testimony.

*United States v. Johnson*, 458 F. App'x 464, 468, 471 n.1 (6th Cir. 2012) (finding the use

of an instruction mentioning "identity" to be correct in a case where identity was an issue,

but not opining on whether the inclusion of "plan or intent" was also proper).

Here, the statements regarding the apparent distribution of pills are sufficiently

clear and extensive to permit a trier of fact to conclude that the defendant was engaged in

such conduct in September 2013, and such a conclusion would make it more likely that

the defendant had the requisite intent to distribute oxycodone on the date of the charged

offense. The statements are the defendant's own, and there is nothing in the recordings

that suggests the jury would be tempted to give the statements undue or improper weight.

Based on the Court's review of the recordings, the Court finds it can sufficiently mitigate

any danger of unfair prejudice by issuing a limiting instruction. Accordingly, the

statements regarding the apparent distribution of pills are admissible under Rule 404(b).

The other statements—including statements about hidden money and firearms, removal of money from the residence and the use to which it might be put, and the defendant's opinions regarding firearms and the charges against him—fail to pass a Rule 403 analysis. Although possession of large quantities of money may tend to support an inference of illegal drug activity in some instances, it is unclear from the defendant's statements in the recordings how he obtained the money he allegedly hid and later removed. Also, the conversation about the money is intricately tied to the subject of hiring an attorney and making bail, both topics that the Court finds to be irrelevant. Although the defendant at one point mentions a ".22 pistol," the context of the reference is unclear and confusing, and he does not elaborate on the reference. The defendant's other comments about firearms come in the context of a discussion about the merits of the charges against him. The comments are unclear, and they do not on their face suggest an admission that he possessed the firearms at issue in this case. Based on the Court's review of the recordings and associated transcripts, the Court finds that the probative value of the remainder of the defendant's statements is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Accordingly, the remainder of the recordings will be excluded.

## III. Conclusion

For these reasons, the defendant's motion [Doc. 36] is **GRANTED in part and DENIED in part**. The Court will permit the government to introduce the defendant's recorded statements regarding the apparent distribution of pills. The Court will exclude

the remainder of the defendant's statements, including his statements about hidden money and firearms, removal of money from the residence and the use to which it might be put, and his opinions regarding firearms and the charges against him. The Court will give a limiting instruction regarding the defendant's Hearsay and Rule 404(b) objections.

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE