UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:13-cr-117-TAV-HBG-1 |
| | ) | | 3:16-cv-443-TAV |
| LESTER ALLEN BARNES, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding Defendant's Motion to Compel [Doc. 69], requesting medical records pursuant to the Freedom of Information Act.

**I. BACKGROUND**

On August 20, 2013, a federal grand jury for the Eastern District of Tennessee filed a six-count indictment against Defendant, charging Defendant with three counts of distribution of oxycodone (Counts One, Two, and Three); one count of possession with intent to distribute oxycodone (Count Four); one count of possession of firearms in furtherance of a drug trafficking offense (Count Five); and one count of being a felon in possession of firearms and ammunition (Count Six)[Doc. 2].

On October 29, 2014, after a jury trial, Defendant was found guilty of the charges against him [Doc. 45]. The Court subsequently sentenced Defendant to a term of 106 months imprisonment [Doc. 59]. The Sixth Circuit affirmed the conviction and sentence on appeal [Doc. 70]. Thereafter, Defendant filed the instant Motion to Compel [Doc. 69], and a pro se Motion

to Vacate under 28 U.S.C. § 2255 [Doc. 105]. The Court, by separate memorandum opinion and order, will address the merits of Defendant's § 2255 motion [Doc. 105].

In the instant Motion to Compel [Doc. 69], Defendant alleges that he requested medical records from the Knox County Jail and the jail, in contravention to the Freedom of Information Act ("FOIA"), has failed to provide the records as requested [Doc. 69]. Defendant offers a signed return receipt as proof the request was received but ignored [*Id.*]. Defendant now asks the Court to instruct the Knox County Jail to release the requested medical records to Defendant.

**II. ANALYSIS**

The Freedom of Information Act is a federal law that establishes the public's right to access information from federal government agencies. 5 U.S.C. § 552. Tennessee has codified the right to access information with the Public Records Act ("PRA"), which governs requests for information from state, county and municipal agencies not subject to federal FOIA provisions. T.C.A. § 10-7-503. The PRA provides that "all state, county and municipal records . . . shall at all times . . . be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law." T.C.A. § 10-7-503(a)  A denial of a request for information must be accompanied by a basis for denial. T.C.A. § 10-7-503(a)(2)(B)(ii). *Id.* A failure to respond is construed as a denial for the purposes of the act. T.C.A. § 10-7-503(a)(3). *Id.*

The process for pursuing an appeal of a denial of a request for information is also contained in the PRA. Section 10-7-505(a) provides that, any citizen "whose request has been . . . denied . . . shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access." However, the PRA is clear that "such petition

shall be filed in the chancery court or circuit court for the county in which the . . . records sought are situated, or in any other court of that county having equity jurisdiction." T.C.A. § 10-7-505(b).

Because the Knox County Jail is operated by the Knox County Sheriff Office, a county agency, it is subject to the Public Records Act. As such, any appeal by Defendant of a denial of a request for information by the Knox County Jail must be in compliance with the PRA. To that end, Defendant must appeal to the chancery court or circuit court with the appropriate jurisdiction for the relief he seeks. This Court does not have jurisdiction to order the relief requested by Defendant.

## III. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the Defendant's Motion to Compel [Docs. 69] be **DENIED.**

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).